UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERNEST VENTRESS, JR. and                    CIVIL ACTION
BETTY VENTRESS

VERSUS                                       NO. 11-1419

RADIATOR SPECIALTY CO. and
THE DOW CHEMICAL COMPANY                     SECTION "B"(3)

<u>**ORDER AND REASONS**</u>

Now before the court are The Dow Chemical Co., ("Dow"), and Radiator Specialty Co.,("Radiator"). Defendant, Dow, filed a motion to transfer venue pursuant to 28 U.S.C. §1404(a), alleging that the Middle District of Louisiana would be a more convenient forum to adjudicate this dispute. (Rec. Doc. No. 19). Defendant, Radiator, as well as two other third party defendants, filed identical motions seeking dismissal for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) motion and, in the alternative, transfer of venue pursuant to 1404(a). (Rec. Doc. No. 51-1).

For the reasons articulated below,

**IT IS ORDERED** that the Motions to Transfer Venue (Rec. Doc. No. 19, 51, 54, & 55) are **GRANTED**, and the above-captioned action is **TRANSFERRED** to the Middle District of Louisiana for all future proceedings.

**IT IS FURTHER ORDERED** that all Motions to Dismiss (Rec. Doc. Nos. 51, 54, & 55) are **DISMISSED AS MOOT**, in light of the

1

transfer order.

Betty Ventress ("Mrs. Ventress"), individually and on behalf of her deceased husband, Ernest Ventress ("Mr. Ventress"), Jr. filed suit against Dow and Radiator in the Eastern District of Louisiana. (Rec. Doc. No. 1). The plaintiff alleges in the complaint that Mr. Ventress contracted Multiple Myeloma and died as a result of his exposure to benzene and chemicals during his work at Dow. (Id.). The plaintiff seeks damages from both defendants on a theory of strict product liability and against Dow for negligence.

Mr. and Mrs. Ventress are domiciled in Iberville Parish, Louisiana. (Id.). Dow is a Delaware corporation registered to do and doing business in Louisiana and with its principal place of business in Midland, Michigan. (Rec. Doc. No. 6). Radiator is a North Carolina Corporation with its principal place of business in Charlotte, North Carolina. (Rec. Doc. No. 1).

Mr. Ventress worked as a contract laborer, a "Pipefitter Trainee" and "General Pipefitter," at the Dow Chemical Plant in Plaquemines, Louisiana, located in Iberville Parish. (Rec. Doc. 19-1 at 2). Mr. Ventress conducted his work in areas of the plant that contained benzene, gasoline, propylene, and butadiene. (Rec. Doc. No. 1). Mr. Ventress worked in the plant for various independent contracts from 1971 to 2005 when he retired. (Ids at 3). From 1970 to 1978, Mr. Ventress used or was

exposed to Liquid Wrench, produced by Radiator.  (Id. at 3-4).
Liquid Wrench contains 30% benzene.  (Id. at 4).

    Turner Industries, LLC ("Turner"), Hebert Brothers
Engineers, Inc. ("Hebert Brothers"), and Jacobs Field Services
North America, Inc. ("Jacobs) are third party defendants joined
to this action via Dow's Third Party Complaint.  (Rec. Doc. No.
39).  These third party defendants were added by Dow based on
indemnity agreements that purportedly exist between the third
party defendants and Dow.  (Id.).

    On November 11, 2011, Dow filed a motion for transfer of
venue alleging that the Middle District of Louisiana was the
more convenient forum for this dispute.  (Rec. Doc. No. 19-1).
On November 15, 2011, the plaintiff filed a memorandum in
opposition to Dow's motion.  (Rec. Doc. No. 22).  On March 8,
2012, Turner filed a motion to dismiss for lack of venue.  (Rec.
Doc. No. 51).  On March 19, 2012, Herbert Brothers and Jacobs
filed motions to dismiss for lack of venue.  (Rec. Doc. No. 54 &
55).  On March 19, 2012, the plaintiff filed a memorandum in
opposition to Turner, Hebert Brothers, and Jacob's motions to
dismiss.  (Rec. Doc. No. 56).

    The Defendant, Dow, argues that the public and private
factors weigh in favor of a transfer of venue to the Middle
District of Louisiana. Specifically, Dow argues that since the
location of plant and work is all located in the middle

district, it would be a more convenient forum to adjudicate the dispute. Furthermore, Dow argues that because the plaintiff's choice of forum is not the plaintiff's domicile, that choice should be discounted; therefore, the balance favors a transfer.

Three third party defendants joined by Dow, pursuant to a theory of indemnity, have filed motions to dismiss for lack of venue. Each defendant argues that venue is inappropriate as to them since they have no connection with the Eastern District.

The plaintiff argues that transfer would not be proper because the witnesses are located within the 100 mile radius of presumed convenience. Furthermore, the court should give weight to the plaintiff's choice of forum. Finally, the plaintiff urges that the defendant has not met its burden to clearly show that the Middle District would be a more convenient forum. The plaintiff also argues that the third party defendants added by Dow should be dismissed because they are not necessary parties.

The first question the Court must address when ruling on a motion to transfer venue under 28 U.S.C. § 1404(a) is whether the suit could have been filed originally in the destination venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008)(*en banc*), *cert. denied* 129 S.Ct. 1336 (2009). The parties do not dispute that this cause of action could have been filed in the Eastern District of Louisiana.

The second question the court must address is the relative

convenience of the chosen venue versus the transfer venue. The Fifth Circuit has adopted the private and public interest factors first outlined in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), a *forum non conveniens* case, to determine the appropriateness of a transfer of venue. *Id*. The private interest factors include but are not limited to: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. at 315 (*citing Piper Aircraft Co. v. Reno*, 454 U.S. 235 (1981)). In addition, the public interest factors include but are not limited to: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*.

In the instant case, the only factor that weighs in favor of the Eastern District is plaintiff's choice of forum. However, the plaintiff's choice is given the least weight when the venue chosen is neither her home forum nor the location were the operative facts of the case took place. *See Roulston v. Yazoo*

5

*River Towing, Inc.*, 2004 WL 1687232 (E.D. La. 2004), and *Davis v. Inland Dredging Co. LLC*, 2011 U.S. Dist. LEXIS 11526 (E.D. La. 2011).  In this case the plaintiff's chosen venue is neither her home district nor the district where the operative events of the claim took place; therefore, only slight weight is given to the plaintiff's choice.

On the other hand, several private factors weigh in favor of the Middle District. First, ease of access to information and sources of proof favors the Middle District since all the operative events of the case took place within the Middle District. Second, the cost of attendance for willing witness favors the Middle District since a large majority of the witnesses are located in the Middle District.[1] Third, the balance of convenience favors the Middle District because all of the defendants, the plaintiff, and the majority of witnesses are located in the Middle District.

Balancing the factors as a whole, the numerous private interest factors outweigh the plaintiff's choice of forum, especially considering that the plaintiff's chosen forum is not

---

[1]   Plaintiff lists several non-party expert witnesses located in the Eastern District. However, expert witnesses are given little weight in the consideration of motions to transfer.  *See generally Williams v. Bowman*, 157 F. Supp. 2d 1103 (N.D. Cal. 2001); *Promuto v. Waste Management*, Inc., 44 F. Supp. 2d 628 (S.D. N.Y. 1999); *Hillard v. Guidant Corp.*, 76 F. Supp. 2d 566 (M.D. Pa. 1999); *Houston Trial Reports, Inc. v. LRP Publications, Inc.*, 85 F. Supp. 2d 663 (S.D. Tex. 1999).
     Defendants have identified at least five non-expert witnesses located in the Middle District. (Rec. Doc. No. 65 at 4-5). The plaintiff has not yet listed any non-expert witnesses located in the Eastern District. (Rec. Doc. No. 56 at 7).

her home district. Therefore, it is ordered that the case is transferred to the Middle District.

The third party defendants, joined via Dow's third party complaint, have each filed motions to dismiss for lack of venue. (Rec. Doc. No. 51, 54 & 55).   However, because each of the defendants is a resident of the Middle District, all three motions are rendered moot as a result of the case being transferred to the Middle District. Therefore, these motions are dismissed.

New Orleans, Louisiana, this 12th day of April, 2012.


_____
UNITED STATES DISTRICT JUDGE